# Cases

# THIRD DEPARTMENT

AT

## GENERAL TERM,

### May, 1890.

---

CORNELIA BLAKE, Respondent, *v.* FANNIE EVERMAN, Otherwise Known as FANNIE BLAKE, Appellant.

*Alienating a husband's affections — place of trial of an action brought to recover damages therefor.*

In an action brought by a married woman to recover damages for the alleged alienation of the affections of her husband, the defendant, if she be liable in the action, has been guilty of a crime, and unless there are strong reasons to the contrary, the trial of the action should take place in the county in which she would be tried under an indictment for the crime.

APPEAL by the defendant Fannie Everman from an order made at Special Term, and entered in the office of the clerk of Warren county on the 9th day of October, 1888, denying the defendant's motion to change the venue of this action from the county of Warren to the county of Livingston.

The action was brought to recover damages for the alleged willful and malicious action on the part of the defendant, in alienating the affections of the plaintiff's husband, which act was alleged in the complaint to have taken place at Dansville, in the county of Livingston, in this State.

*Andrew Hamilton*, for the appellant.

*D. S. Potter*, for the respondent.

LEARNED, P. J.:

This is an appeal from an order denying a motion to change the place of trial. The action is brought by the wife of one Jonas J. Blake for the alleged alienation of his affections by the defendant. The defendant had gone through the marriage ceremony with plaintiff's husband, and claims to have done so, believing him to be unmarried.

The defendant resides in Livingston county, and that ceremony was performed there. The plaintiff resides in Warren county. The defendant, to obtain the change of place of trial, stipulates to admit the plaintiff's marriage and her receiving the affections of her husband and support from him, etc. The alleged cause of action arose in Livingston county, because it is there that the defendant is averred to have enticed the plaintiff's husband and to have married him. Evidently the questions to be litigated are whether defendant knew Blake to be a married man, and whether with such knowledge she enticed said Blake and alienated his affections from plaintiff. The defendant admits that she had heard rumors that Blake was married, and that she wrote to him to inquire how this was. She avers that he told her he was divorced, on which she said that she could not marry him; that afterwards he told her his wife was dead, and thereupon she married him. It appears that a former action for the same cause was commenced in 1886, in which the complaint was dismissed. The place of trial was Livingston county.

If the defendant is liable in this action, then it would follow that she has been guilty of a crime under section 301, Penal Code. For such a crime she would be tried, if anywhere, in Livingston county. It would seem fair, unless there were strong reasons to the contrary, that she should be allowed to defend this action in the same county, In motions of this kind it is well known that the parties seldom need all the witnesses whose names are given in the affidavits. We must act upon this knowledge and upon our judgment both in regard to the convenience of the witnesses who will be called, and also in regard to the other matters mentioned in Rule 48, and "the ends of justice." (Code of Civil Procedure, sub. 3, § 987.) We are reluctant to interfere with the discretion exercised by the court below in cases of this kind. But in the present instance, on a careful

examination of the papers and a consideration of the number of witnesses who will be called, we think that the defendant's motion should be granted.

Order reversed, with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs, all to abide the event.

LANDON and MAYHAM, JJ., concurred

Order reversed with ten dollars costs and printing disbursements, and motion granted, with ten dollars costs, all to abide event.